UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DR. ARTHUR FASS,

        Plaintiff,                         **COMPLAINT**

Vs.

NORTHWELL HEALTHCARE SYSTEM,

        Defendant.
------------------------------------------------------------x

    By and through his counsel, Michael H. Sussman, Esq., plaintiff, Dr. Arthur Fass, complains of defendant as follows:

I. **PARTIES**

1. Dr. Arthur Fass is a cardiologist who resides in Chappaqua, NY within this judicial district. He is currently 70 years of age.

2. Defendant Northwell Health Care Systems is the 14th largest healthcare network in the United States and its corporate offices are located at 2000 Marcus Avenue, New Hyde Park, NY 11042, 516-321-6100. It employs more than twenty people, as it has at all relevant times.

II. **JURISDICTION**

    3. As plaintiff alleges that defendant discriminated against him on the basis of his age and filed a charge with the EEOC more than sixty days ago, this Honorable Court has jurisdiction over this matter pursuant to 29 U.S.C. sec. 621, et seq. and supplemental jurisdiction over the related state court claim pursuant to 28 U.S.C. section 1367.

III. **STATEMENT OF FACTS**

    4. Until he relinquished them for reasons set forth herein, plaintiff enjoyed medical

1

privileges for more than forty years at Phelps Memorial Hospital in Sleepy Hollow, NY.

5. Until January 2, 2024, plaintiff worked for Northwell Healthcare System as he had for approximately six years and did so from an office in Westchester County.

6. Northwell acquired Phelps Hospital, took over the cardiology service with which Dr. Fass was then associated and did not engage in any particularized hiring process when it became his employer.

7. At the end of calendar year 2022, Northwell extended Dr. Fass' employment and the parties signed a one-year contract which provided reduced hours and salary.

8. The parties did not then or thereafter reach any agreement that calendar year 2023 would be plaintiff's last year of practice for Northwell or that Dr. Fass would thereafter retire.

9. Dr. Fass executed this one-year contract but made no commitment to retire at the end of 2023, and the parties' written agreement does not reflect any such agreement.

10. In or about September 2023, the chair of the Cardiology Department of Phelps Memorial Hospital visited Dr. Fass at his office for a routine review which had been planned in advance.

11. The discussion centered around practice issues and seemed amicable; the chair praised plaintiff for his work with patients, both in the office and at the hospital, explained that he had exceeded his RVU requirements and offered no criticism of any performance-related issue.

12. The discussion between these men did not relate to contacting plaintiff's patients and advising them that plaintiff intended to retire at the end of 2023. Indeed, this matter was never broached at the meeting.

13. Toward the end of the conversation, Dr. Fass raised the subject of extending his Northwell contract with Dr. Singh, the Chair of Cardiology at Phelps.

14. Dr. Singh indicated that he expected Northwell to sever its employment relationship with Dr. Fass at the expiration of his contract, that is at the end of 2023.

15. Taken aback, Dr. Fass strongly objected, indicating that he wanted to continue working and had no intention of retiring at the end of calendar year 2023 and fully expected defendant to permit to continue working in the practice.

16. In subsequent weeks, Northwell reiterated to Dr. Fass its intention to sever his employment relationship with him, and so advised his patients, offering them a choice of other cardiologists who work for it.

17. Defendant went so far as sending plaintiff's patients, including many long-time patients, a letter congratulating Dr. Fass on his many years of exemplary service and advising them of his imminent departure from practice, though those who signed this letter on behalf of the defendant knew full well that Dr. Fass had not approved this letter and that it did not express his sentiment or intention.

18. Dr. Fass is a superb cardiologist and has many loyal patients.

19. Dr. Fass provided the defendant with no neutral, non-discriminatory reason for this intentional treatment, that is his involuntary retirement and defendant's refusal to extend his contract, and none exists.

20. Concurrent with his work as a cardiologist, Dr. Fass has long served, as he continued to do until January 1, 2024, as Chief of Medicine at Phelps Memorial Hospital and as a hospital quality control reviewer, ensuring that other doctors provide patients with an appropriate level of medical care.

21. In prior years, members of the service line administration have raised with Dr. Fass the question of his retirement plans, but he has never committed to retire at the end of the 2023 calendar year and made clear that he did not wish to do so in conversations he held with defendant's agents in and after the late summer 2023.

22. Plaintiff's age is the sole factor motivating the defendant's decision to not renew his contract; no neutral non-discriminatory reason supported or predicated this decision.

23. In responding to plaintiff's charge to the EEOC, defendant provided no neutral and non-discriminatory reason for its failure to renew Dr. Fass' contract, claiming instead that this represented his previously expressed wish and intention and that it somehow detrimentally relied on his prior expression of an intent to retire.

24. This position statement falsely portrayed numerous aspects of the prior communication between the parties, a further reflection of defendant's discriminatory intent.

25. In fact, plaintiff had never committed to retire at the end of the 2023 calendar year and had strong support from his patients and professional colleagues to continue his work for defendant.

26. As of January 2, 2024, defendant intentionally "retired" defendant from its employment.

27. Before doing so and after receiving his EEOC charge, defendant sought to allow plaintiff to continue as Chief of Medicine at Phelps and in his quality review role for compensation of $30,000.

28. However, defendant refused to allow plaintiff to continue seeing patients or maintaining an office for the practice of cardiology.

29. Defendant offered plaintiff no reason for this refusal, and none exists,

30. As he continued to desire to practice medicine or fashion an administrative/teaching role with fair compensation and the defendant would not agree to the same, plaintiff severed his association with the defendant.

31. By and through this unlawful decision, plaintiff will suffer pecuniary and non-pecuniary injuries which he hereby seeks to recover, including embarrassment, humiliation, mental anguish and loss of professional standing.

## IV. **CAUSES OF ACTION**

32. Plaintiff incorporates paras. 1-31 as if fully set forth herein.

33. By failing to renew plaintiff's contract on account of his age, defendant violated the terms of the Age Discrimination in Employment Act.

34. By failing to renew plaintiff's contract on account of his age, defendant violated section 296 of the Executive Law of the State of New York, as made actionable through section 297 of the same statute.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays that this Honorable Court accepts jurisdiction over this action, empanels a jury to hear and decide all claims within its authority, awards plaintiff compensatory and punitive damages as are permitted under said

statutes, orders defendant to renew plaintiff's employment contract and to pay the reasonably incurred costs and attorneys' fees associated with the prosecution of this matter and enters any further and additional relief which the interests of law and justice warrant.

**Dated: January 12, 2024**

**Respectfully submitted,**

*/s/ Michael H. Sussman/*

**MICHAEL H. SUSSMAN, ESQ. [3497]**

**SUSSMAN & GOLDMAN**
**1 Railroad Avenue**
**PO Box 1005**
**Goshen, NY 10924**
**(845)-294-3991**